No. 1.—STATE OF LOUISIANA ex. rel. M. H. TWICHELL *v.* JAMES R. HEAD.

*The District Judge is without authority, either on his own motion or by the consent of parties, to transfer a suit from the parish of the domicile of the defendant to another parish of the State. All proceedings had in a cause after such transfer are null.*

APPEAL from the Eleventh Judicial District Court. *Lewis, J. N. J. Sandlin,* District Attorney. *L. B. Watkins* and *J. M. Jones,* for relator. *J. R. Head, pro se.*

HOWELL, J. On the twenty-first June, 1869, the petition in this case, addressed to the "Judge of the Eleventh Judicial District of the State of Louisiana, holding sessions in and for the parish of Bienville," was filed in the clerk's office in said parish, in which it is alleged that the defendant is unlawfully holding and exercising the office of parish judge of the parish of Bienville, and judgment is asked against him and in favor of the relator, M. H. Twichell. The defendant was cited in the usual form to answer in said parish, on the first Monday of September, 1869. The judge of the district then issued an order addressed to the defendant, to appear before him in chambers at Minden, Claiborne parish, on the second Monday in July, to try the case, and another order to the clerk of the District Court for Bienville parish to be present at said trial, with all the papers in his office appertaining to said case, and to act as clerk of the District Court as fully as at a regular term. Another citation was then issued by said clerk to the defendant, citing him "to appear before the Judge of the *Eleventh District Court* in chambers at the town of Minden, *in the parish of Claiborne,* and comply with the prayer of the annexed petition, or file your (his) answer thereto in writing, in the office of the clerk of the District Court *in and for the parish of Bienville,* on the second Monday in July next," on which day, the record states, the court was opened, answer filed, jury disallowed, application for a continuance granted to the first Monday in August, and court adjourned to said date (second August, 1869), all at Minden, Claiborne parish. The record further shows that the "court met pursuant to adjournment, in the town of Minden, parish of Claiborne, on the first Monday of August," etc., at which time and place exceptions to the jurisdiction of the court were filed and overruled; trial was had, judgment rendered, and appeal granted. The above exceptions were not taken to the place and manner of trial, but it is now contended before us that the District Judge had no legal power to transfer the "District Court in and for the parish of Bienville" to Claiborne parish, and compel the defendant, his witnesses and the clerk to attend in the latter parish.

These proceedings were not only totally without authority in law, but are in evasion of the one hundred and sixty-second article of the C. P., as amended by the act of March 19, 1861, and construed by this court in the case of the State v. Judge of the Eleventh District, 21 A. p. 258. We there held that no one is permitted to consent to be sued elsewhere than in the parish of his domicile or residence, except in cases expressly provided for by law, and this case is not within such exceptions. The authority in act No. 156 of the statutes of 1868, to try such cases in chambers, does not authorize the judge of a district to remove the parties and officers of one parish to another, but simply to try a case in chambers, *in the parish*, where the suit must be brought. Section 2 of said act makes it the duty of the District Attorney of the parish *in which the case arises*, and of the Attorney General in the parish of Orleans, to bring such action against the offending party when required. Section 3 requires service to be made, and the answer of the defendant to be filed within the delays, *the same as in other civil suits*, and the case to be tried by preference over all other cases, without being fixed for trial, after issue joined; and section 13 confers the additional right to have the case tried in chambers, or at a special term of the court, called by the judge of the district, upon giving legal notice to the parties interested, and it also reserves to each party the right of trial by a special jury, to be summoned according to law.

There is nothing in any of these provisions, or any other part of said act, giving the judge of the district power or authority to try the case out of the parish in which it arises. On the contrary, they plainly imply that the action shall be brought *and tried* in the parish of the defendant's residence or domicile, as in other civil suits.

We are constrained, therefore, to declare all the proceedings had before the district judge in this matter null and void, and as a legal sequence there are no other questions properly presented for our consideration.

It is therefore ordered that the judgment from which this appeal is granted, and all other proceedings herein before the district judge in the parish of Claiborne, including, the orders of twenty-sixth June, 1869, to the defendant and to the clerk, be declared null and void, and that this cause be remanded to the District Court in and for the parish of Bienville, to be proceeded in according to law. Costs of appeal to be paid by the appellee.